# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
**June 11, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**SHIRLEY A. SNYDER,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1520**  (BOR Appeal No. 2047293)
(Claim No. 2002057227)

**BAYER CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Shirley A. Snyder, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated November 20, 2012, in which the Board modified an April 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 2, 2010, decision denying Ms. Snyder's request for a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is clearly the result of erroneous conclusions of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Snyder filed an application for permanent total disability benefits on December 16, 2002. Ms. Snyder has undergone multiple evaluations to determine the extent of her impairment. A September 8, 2004, functional capacity evaluation performed by Phil Cook, M.S., P.T., indicated that Ms. Snyder was employable at the light physical demand level. A July 29, 2005, rehabilitation report prepared by Genex Services also indicated that Ms. Snyder is employable. On August 18, 2005, the Board of Review determined that Ms. Snyder had met the necessary

1

whole person impairment threshold for further consideration of a permanent total disability award.

On July 12, 2007, Joseph Grady, M.D., performed an independent medical evaluation. He noted that Ms. Snyder had undergone two surgeries on her lumbar spine – one in February of 2002 and one on March 2, 2007. He opined that he is not optimistic that Ms. Snyder can return to work. Richard Vaglienti, M.D., also opined that Ms. Snyder is unable to return to work.

On March 2, 2010, the claims administrator denied Ms. Snyder's request for a permanent total disability award. The Office of Judges reversed the claims administrator's decision, concluded that Ms. Snyder is entitled to a permanent total disability award because she is incapable of engaging in substantial gainful employment pursuant to West Virginia Code § 23-4-6(n)(2) (2005), and determined that the proper onset date for the permanent total disability award is August 18, 2005. The Board of Review modified the Order of the Office of Judges to reflect a permanent total disability award onset date of March 2, 2007. On appeal, Ms. Snyder asserts that the Office of Judges properly identified August 18, 2005, as the appropriate permanent total disability onset date.

Bayer Corporation has not appealed the portion of the Board of Review's Order affirming the Office of Judges' finding that Ms. Snyder is permanently and totally disabled. Therefore, the sole issue on appeal is the onset date of Ms. Snyder's permanent total disability award.

> West Virginia Code § 23-4-6(j)(5) (2005) states: "the commission or other reviewing body shall establish the date of onset of the claimant's permanent total disability as the date when a properly completed and supported application for permanent total disability benefits as prescribed in subdivision (1) of this subsection that results in a finding of permanent total disability was filed with the commission or other reviewing body: *Provided, however*, That notwithstanding any other provision of this section to the contrary, the onset date may not be sooner than the date upon which the claimant meets the percentage thresholds of prior permanent partial disability that are established by subsection (n) of this section as a prerequisite to the claimant's qualification for consideration for a permanent total disability award."

The Office of Judges determined that pursuant to West Virginia Code § 23-4-6(j)(5), the appropriate permanent total disability onset date is August 18, 2005, which is the date that the Board of Review determined that Ms. Snyder met the necessary whole person impairment threshold for further consideration of a permanent total disability award. The Board of Review determined that the appropriate permanent total disability onset date is March 2, 2007, the date of Ms. Snyder's second lumbar spine surgery, based on a finding that the evidence of record indicates that Ms. Snyder was capable of engaging in gainful employment until March 2, 2007.

We find that the decision of the Board of Review is clearly the result of erroneous conclusions of law. Pursuant to West Virginia Code § 23-4-6(j)(5), the Office of Judges properly determined that the appropriate onset date for Ms. Snyder's permanent total disability award is

the date on which the Board of Review determined that Ms. Snyder met the necessary threshold for further consideration of a permanent total disability award, namely August 18, 2005.

For the foregoing reasons, we find that the decision of the Board of Review is clearly the result of erroneous conclusions of law. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instructions to reinstate the April 6, 2012, Order of the Office of Judges granting Ms. Snyder a permanent total disability award with an onset date of August 18, 2005.

Reversed and remanded.

**ISSUED:   June 11, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II